# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA CORTES, et al., | Case No.: 1:18-cv-0909 - LJO- JLT |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTOIN TO APPOINT GUSTAVO CORTES AS GUARDIAN AD LITEM FOR ANGELICA CORTES |
| v. | |
| KERN COUNTY SUPERINTENDENT OF SCHOOLS, | (Doc. 7) |
| Defendant. | |

Gustavo Cortes initiated this action on behalf his daughter, Angelica Cortes, asserting the defendants violated several provisions of law, including, but not limited to, the Americans with Disabilities Act, the Rehabilitation Act, and California's Unruh Civil Rights Act. (*See generally* Doc. 1) Mr. Cortes now seeks to be appointed as the guardian ad litem for Angelica. (Doc. 7)

**I.    Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The Ninth Circuit explained that Rule 17(c) "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

1

## II. Capacity to Sue

"The Court's obligation to appoint a guardian ad litem or to issue another appropriate order under Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue is raised." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1048-49 (E.D. Cal. 2015) (internal quotation marks, citation omitted). The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Thus, the Court must apply California law to determine whether Angelica has the capacity to sue.

Under California law, "a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *AT&T Mobility*, 143 F.Supp.3d at 1049 (citing *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012); *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372). Evidence of incompetence may include: medical records, "a report of mental disability by a government agency," "the sworn declaration of the person or those who know him," and "the representations of counsel." *Id.* (citing, *e.g., Acres*, 795 F.2d at 798; *Allen v. Calderon*, 408 F.3d 1150, 1151-53 (9th Cir. 2005); *Shankar v. United States Dep't of Homeland Sec.*, 2014 WL 523960, at *15 (N.D. Cal. Feb. 6, 2014). In essence, the Court may consider any evidence that "speak[s] … to the court's concern … [regarding] whether the person in question is able to meaningfully take part in the proceedings." *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993).

## III. Discussion and Analysis

### A. Competency

Seeking to have a guardian ad litem appointed, Andréa Marcus, Plaintiff's counsel, asserts that Angelica Cortes "is not competent to represent herself." (Doc. 7 at 2, Marcus Decl. ¶ 3) According to Ms. Marcus, "Plaintiff has suffered from schizophrenia manifested by auditory, visual, and olfactory hallucinations, for which she takes a great deal of psychiatric medication." (*Id.*) In support of these assertions, Ms. Marcus submitted "documentation of issuance of power attorney," an administrative law decision, declarations from Angelica's parents, Estela Cortes and Gustavo Cortes; and a declaration from Dr. Gary S. Katz, a psychologist. (*See* Doc. 7 at 2, Marcus ¶ 4; *see generally* Doc. 7 at 5-64)

Estela Cortes and Gustavo Cortes, Angelica's parents, each indicated their belief that "Angelica

is not competent to represent herself." (Doc. 7 at 53, E. Cortes Decl. ¶ 1; Doc. 7 at 57, G. Cortes Decl. ¶ 1) Mrs. Cortes reports that, "Angelica is incapable of consistently caring for her most basic needs (taking her mediation, remembering to bath[e] regularly, etc." (*Id.* at 53, ¶ 2) According to Ms. Cortes, "[Angelica] is prone to periods of paranoia, and at times, will refuse to speak to people. Lately, she has been expressing a belief that she has become a demon." (*Id.*) Mrs. Cortes concludes she does not believe Angelica "is capable of helping her attorney advocate for her or understanding the consequences to her if she fails to." (*Id.*)

Likewise, Mr. Cortes observed that his daughter "requires a great deal of support in her daily routine," and explaining "[s]he cannot manage her own medication [and] does not drive or ride the bus by herself." (Doc. 7 at 57, G. Cortes Decl. ¶ 2) He explains, "She has been unable to consistently keep track of her own self-care (medication, hygiene, etc.) let alone documentation, throughout her life." (*Id.*, ¶ 3) Therefore, Mr. Cortes asserts that "Angelica lacks the capacity to understand the nature or consequences of the proceeding, and is unable to assist her attorney in the preparation of the case." (*Id.*) He explains that his daughter's "trust of people changes as her paranoia and hallucinations

Dr. Katz, "a Psychologist, licensed in the state of California, and an Associate Professor of Psychology at the California State University, Northridge," also provided a declaration in support of the motion. (Doc. 7 at 62, Katz Decl. ¶ 2) He indicates that he "completed [his] first assessment of Angelica Cortes's cognitive, social and emotional functioning on March 14, 2016." (*Id.*, ¶ 3) According to Dr. Katz, "from the time [Angelica] was five or six years old, she has suffered from schizophrenia manifested by auditory, visual, and olfactory hallucinations, for which she was taking psychiatric medication." (*Id.*) Dr. Katz reports he is "currently in the process of conducting a follow up assessment of Angelica and … found she continues to present with an array of significant psychotic symptoms including visual hallucinations, auditory hallucinations, as well as a range of delusional thoughts that are not based in reality." (*Id.*, ¶ 4) Dr. Katz opined that "Angelica Cortes is not *consistently* competent to represent herself, as when she is symptomatic, which happens frequently[,] she lacks the capacity to understand the nature or consequences of litigation on her behalf and would be unable to assist her attorney in the preparation of her cases." (*Id.*, ¶ 5, emphasis in original) He explained, "[S]he is sometimes unwilling to speak or disclose information necessary for her care that

3

she considers 'embarrassing,' often unaware of her circumstances or not fully oriented, and her delusional thoughts often lead her to conclusions which are based in reality." (*Id.* at 62-63, ¶ 5)

The Court has also reviewed an administrative decision in OAH Case No. 201604211, in which the factual findings include a determination that Angelica "has suffered from schizophrenia manifested by auditory, visual, and olfactory hallucinations" since she was five or six years old. (Doc. 7 at 24) She "alienated peers and teachers by disclosing bizarre and, at times, macabre thoughts, visions, and drawings," and "tended to be withdrawn, using minimal speech to interact." (*Id.* at 27) The administrative decision also noted that "[s]he was on several prescribed medications to treat low mood, obsessive throughs, strange sensory experiences and beliefs, and sleep problems," and "Dr. Katz was deeply concerned that [she] was, and continued to be, actively psychotic" despite the medical intervention in 2015. (*Id.* at 37)

Based upon the evidence submitted to the Court, the Court finds Angelica Cortes lacks the capacity to capacity to consistently understand the nature or consequences of the proceedings in this case, and is unable to advance her interests or meaningfully participate. Accordingly, the Court must exercise its duty under Rule 17(c) and appoint a guardian ad litem to protect her interests in this action. *See AT&T Mobility*, 143 F.Supp.3d at 1049.

B.     Appointment of a Guardian Ad Litem

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

As noted above, Angelica Cortes is the daughter of Gustavo Cortes, who seeks appointment as the guardian ad litem. Upon review of the complaint, it does not appear the parent has adverse interests. Although Angelica Cortes is not the only plaintiff identified in the complaint, the only claims

4

are asserted on her behalf. Accordingly, appointment of Gustavo Cortes as guardian ad litem is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

### IV. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Mr. Cortes has conflicting interests, and as such he may be appointed to represent the interests of his daughter. Therefore, the Court is acting within its discretion to grant the application to be appointed as the guardian ad litem. Thus, the Court **ORDERS**:

1. The motion for appointment of Gustavo Cortes as guardian ad litem for Angelica Cortes (Doc. 7) is **GRANTED**; and
2. Gustavo Cortes is appointed to act as guardian ad litem for Angelica Cortes, and is authorized to prosecute this action on her behalf.

IT IS SO ORDERED.

Dated: **August 16, 2018**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE