# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA CORTES, et al., | Case No.: 1:18-cv-00909-LJO-JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY |
| v. | |
| KERN COUNTY SUPERINTENDENT OF SCHOOLS, | (Doc. 23) |
| Defendant. | |

On June 28, 2019, Defendant filed a motion seeking to exclude testimony of Karen Schnee and Gary Katz. (Doc. 23.) For the following reasons, Defendant's motion to exclude testimony is **GRANTED**.

**I.     Background**

On April 12, 2019, Plaintiffs provided Defendant with expert witness statements for two witnesses they intended to offer at trial as experts, Karen Schnee and Gary Katz. (Doc. 23 at 3, Doc. 23-1.) The statements include their qualifications and experience, areas of expertise, a sentence describing the topics on which they would opine and the amount they would be paid. (Doc. 23-1 at 2-11). As to Karen Schnee, the plaintiffs reported: "Expert testimony will include Ms. Schnee's findings and recommendations with regards [to] damages suffered through District's deliberate indifference and intentional discrimination, based on A.C.'s disability." (Doc. 23-1 at 5.) As to Gary Katz, the

plaintiffs noted he would offer an "[o]pinion regarding damages, given assessments conducted by Mr. Katz, and his findings in the assessments themselves." (Doc. 23-1 at 11.)

## II. Legal Standard

The disclosure of expert witnesses is governed by Rule 26(a) of the Federal Rules of Procedure. Parties must disclose the identity of each expert who will testify at trial. Fed. R. Civ. P. 26(a)(2)(A). When a witness is "retained or specially employed to provide expert testimony in the case" the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Expert reports eliminate unfair surprise and conserve resources. Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 299 (D. Nev. 1998) (citation omitted). The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Id.

A party failing to satisfy expert disclosure requirements "is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) is limited to a party's failure "to provide information or identify a witness as required by Rule 26(a) or 26(e)." See id. The exclusion sanction is "self-executing" and "automatic" to "provide[] a strong inducement for disclosure of material." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37 Advisory Committee's note (1993)). The burden to prove harmlessness is on the party seeking to avoid Rule 37's sanction. Goodman v. Staples The Office Superstore, L.L.C., 644 F.3d 817, 827 (9th Cir. 2011) (citing Yeti by Molly, Ltd., 259 F.3d at 1107).

///
///

# III. Discussion and Analysis

## A. Timeliness of the Disclosure

Disclosures of retained experts and the accompanying reports must be made at the time and in the sequence ordered by the Court. Fed. R. Civ. P. 26(a)(2)(D). The Court entered its Scheduling Order in this action on October 11, 2018. (Doc. 13). The Court instructed the parties "to disclose all expert witnesses, in writing, on or before **May 29, 2019**." (Id. at 2) (emphasis in original) (footnote omitted). Plaintiffs disclosed experts Karen Schnee and Gary Katz as their retained experts and provided their expert witness statements on April 12, 2019. (Doc. 23 at 3, Doc. 23-1.) Accordingly, Plaintiffs' "disclosure" was made by the deadline imposed but, because it was not complete, it did not comply with the Court's order and cannot be determined to be timely.

## B. Contents of the Reports

Defendant argues that Plaintiffs disclosure was insufficient. Specifically, Defendant contends that the experts' summaries lack specificity because they do not provide any detail about what the witnesses are going to say, or what expert opinions (if any) they are going to render. (Doc. 23 at 5.) Defendant also assert that without more specificity, Defendant cannot assess whether the testimony is relevant, impermissibly states legal conclusions or is otherwise objectionable. (Id.) Additionally, Defendant notes that neither of these experts' statements includes a listing of prior testimony. (Doc. 23 at 6.) Defendant further argues that both of these statements contain legal conclusions, neither of these statements offer facts or other data, and neither of these statements are relevant. (Id.)

It is well-established that expert reports lacking an adequate foundation may not be considered by the Court. See Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(a)(2)(B)(i) (precluding a party from relying on report if it fails to include the expert's opinions and the basis for those opinions). An expert report "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions. . . . [because] an expert who supplies only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." Finwall v. City of Chicago, 239 F.R.D. 494, 501 (N.D. Ill. 2006).

The statement of expert testimony for each of the experts merely provides an overview of what the content of the experts' testimony would be. (See Doc. 23-1 at 5, Doc. 23-1 at 11.) This is not a

complete statement of all opinions the witness will express and fails to provide the basis and reasons for the opinion, as required by Rule 26(a)(2)(B)(i). These brief statements fail to provide the facts or data considered by the witness in forming their opinions, which is required by Rule 26(a)(2)(B)(ii). (See id.) Defendant contends that although neither of these experts' statements includes a listing of prior testimony, both experts have testified as recently as September 2019.[1] (Doc. 23 at 6.) Rule 26(a)(2)(B)(v) requires that a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition. If in fact these experts have testified as an expert during the previous 4 years, Plaintiffs fail to provide this information. (See Doc. 23-1 at 2-11.) It is clear that the expert witness statements of Karen Schnee and Gary Katz are not sufficiently complete. Accordingly, these expert witness statements fail to meet the disclosure requirements of Rule 26(a)(2)(B).

Additionally, Plaintiffs have failed to demonstrate that the insufficient expert statements were substantially justified or harmless. The burden to prove harmlessness is on the Plaintiffs, and the Plaintiffs in this case have failed to file an opposition to the motion. Therefore, Plaintiffs will not be allowed to use this information or expert witnesses to supply evidence at trial. See Fed. R. Civ. P. 37(c)(1).

**IV.     Conclusion and Order**

Accordingly, the Court **ORDERS** that the Defendant's motion to exclude testimony (Doc. 23) is **GRANTED**.

IT IS SO ORDERED.

   Dated:   **August 5, 2019**                        **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant references an attachment for the assertion that both experts have testified as recently as September 2019, however, the one-page attachment appears incomplete and does not include information about either of the experts' past testimony. (See Doc. 23-2.)

4